# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| THOMAS EDWARD NIX, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV411-160 |
| UNITED STATES OF AMERICA, | ) ) | CR409-164 |
| Respondent. | ) ) | |

## ORDER

Movant seeks leave to undertake discovery pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings. (Doc. 4.) Unlike the usual civil litigant in federal court, Nix is not entitled to discovery as a matter of course. *Wellons v. Hall*, 554 F.3d 923, 925 (11th Cir. 2009) (Rule 6(a) provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a). A movant shows such "good cause" for discovery by making specific allegations that establish reason to believe that, if the facts are fully developed, he will be able to demonstrate entitlement to habeas relief.

*Wellons*, 554 FF.3d at 925.

Nix, who pled guilty to bank fraud, claims that he needs records from American Express that will show that he did not surreptitiously obtain the American Express cards underlying many counts of bank fraud set out in the indictment.[1] (Doc. 7 at 1-2.) Those records will, according to Nix, prove that his lawyer was ineffective for failing to obtain the records, that the victims of the supposed fraud lied at sentencing, and that the Assistant United States Attorney prosecuting the case suborned perjury. (*Id.*) Upon an initial review of the record however, the Court sees no reason to permit discovery at this time. For the most part, Nix's contentions are irrelevant. Even if the government's sentencing witnesses lied on the stand, they lied about immaterial aspects of the fraud -- how Nix *obtained* the corporate credit cards. Nix has not even suggested that his actual charges and payments were not fraudulent. (*Id.* at 1-2.) Indeed, he admitted at his change of plea hearing that he used corporate credit cards for unauthorized purchases. CR409-164, doc. 51 at

---

[1] The American Express charges were dropped, however, in consideration of Nix's plea of guilty to Count 37 of the indictment, which charged him with writing a check on his employer's account. *See* CR409-164, docs. 35 (plea agreement) & 1(indictment).

2

24 (Rule 11 tr.). Nix's motion for discovery (doc. 7) is **DENIED**.

Nix also requests appointment of counsel. (Doc. 6.) That motion is also **DENIED**. There is no constitutional right to counsel when collaterally attacking a conviction or sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Barbour v. Haley*, 471 F.3d 1222, 1227-32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel). Nor is there any rule-based right unless Nix can show that appointment of counsel is necessary for effective discovery or that an evidentiary hearing is required. *See* Rules 6 & 8, Rules Governing § 2255 Proceedings. Nix has neither shown that further discovery will be necessary to the resolution of his forthcoming claim nor offered any reason to believe that a hearing will be required. Thus, the Court is simply not persuaded that the "interests of justice . . . require" appointment of counsel in this case. 18 U.S.C. § 3006A (a)(2).

**SO ORDERED** this ___1st___ day of August, 2011.

/s/ JRSmith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3